```
                  IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| KEILA GARCÍA-COLÓN<br><br>**Plaintiff**<br><br>v.<br><br>STATE INSURANCE FUND<br>CORPORATION, ET AL.<br><br>**Defendant** | **CIVIL NO.** 21-1211 (RAM) |

## MEMORANDUM AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

On May 6, 2021, Plaintiff Keila García-Colón ("Plaintiff" or "García") filed a *Complaint* against the Puerto Rico State Insurance Fund Corporation's ("SIFC" or "Defendant"), her employer, for sexual harassment, sex discrimination, and retaliation in violation of Title VII, 42 U.S.C. § 2000e, *et seq.*, and analogous Puerto Rico statutes.[1] (Docket No. 1 ¶¶ 195, 201, 205, 208). Therein, Plaintiff requests injunctive relief to enjoin defendant from continuing to retaliate against her as well as compensatory and punitive damages in excess of $300,000.00. (Docket No. 1 at ¶¶ 187, 199, 202, 205, 209).

---

[1] Specifically, Puerto Rico Law No. 17 of April 22, 1988, P.R. Laws Ann. tit. 29 §§ 155, *et seq.* ("Law 17"); Puerto Rico Law No. 69 of July 6, 1985, P.R. Laws Ann. tit. 29 §§ 1321, *et seq.* ("Law 69"); and Puerto Rico Law No. 115 of December 20, 1991, P.R. Laws Ann. 29 §§ 194, *et seq.* ("Law 115").

The Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA") provides for the "automatic stay" of pending cases against the Government of Puerto Rico. This "stay" acts as a protective measure to the debtor. *See* 48 U.S.C. §§ 2102-2241. Specifically, the automatic stay under PROMESA applies to:

> [T]he commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the Government of Puerto Rico that was or could have been commenced before the enactment of this chapter, or to recover a Liability Claim against the Government of Puerto Rico that arose before the enactment of this chapter[.]

48 U.S.C. § 2194 (b)(1).

This provision is intended to "effectively stop all creditor collection efforts . . . thereby affording the parties and the [c]ourt an opportunity to appropriately resolve competing economic interests in an orderly and effective way." In Re Financial Oversight and Management Board for Puerto Rico, 919 F.3d 121, 129 (1st Cir. 2019) (internal citations omitted). Due to PROMESA, in most scenarios when a party is solely seeking monetary relief from the Commonwealth of Puerto Rico, an automatic stay is applicable. *See* Gomez-Cruz v. Fernandez-Pabellon, 2018 WL 4849650, at *4 (D.P.R. 2018).

This automatic stay applies to all entities of the Government of Puerto Rico, including its instrumentalities. *See* 48 U.S.C. §§ 2104(11), 2194(b). On May 3, 2017, in its Petition for relief under

Title III of PROMESA, the Financial Oversight and Management Board for Puerto Rico, acting on behalf of the Commonwealth of Puerto Rico, identified the SIFC as an entity covered by PROMESA. *See* In re: Commonwealth of Puerto Rico, No. 17-cv-01578(LTS), Docket No. 1-4 ¶ 57.[2] Furthermore, persuasive precedent from the Puerto Rico Court of Appeals has repeatedly held that lawsuits seeking monetary damages from the SIFC are automatically stayed by PROMESA.[3] *See e.g.*, Moraima Flores Cortés y otros v. Estado Libre Asociado E/R/D Comision Industrial y otros, 2021 WL 855358, (P.R. Cir. 2021); Agosto Lopez v. Corporacion del Fondo del Seguro del Estado, 2017 WL 3867800, (P.R. Cir. 2017); Ortiz Santana v. Dir. Administrativo De Los Tribunales, 2019 WL 2232302 (P.R. Cir. 2019); Garcia Gonzalez v. Corporacion del Fondo del Seguro del Estado, 2017 WL 3867786 (P.R. Cir. 2017).

The United States District Court for the District for Puerto Rico has discretion to determine whether a stay is applicable. *See*

---

[2] This list of 63 governmental entities covered by PROMESA is available at: https://www.prd.uscourts.gov/promesa/sites/promesa/files/documents/1/01-4.pdf (last visited on April 5, 2022). The Court notes that Case No. 17-cv-01578(LTS), where this list was originally filed, has been consolidated with In re: Commonwealth of Puerto Rico, No. 17-bk-3283 (LTS).

[3] *See* AES Puerto Rico, L.P. v. Trujillo-Panisse, 133 F. Supp. 3d 409, 415 (D.P.R. 2015) (holding that "documents on file in federal or state courts are proper subjects of judicial notice.") The Court also notes that Puerto Rico Court of Appeals decisions "are non-binding, but do provide instructive guidance." Teamcare Infusion Orlando, Inc. v. Humana Health Plans of Puerto Rico, Inc., 2018 WL 9412924, at *5 (D.P.R. 2018) (citing West v. Am. Tel. & Tel. Co., 311 U.S. 223, 237 (1940) and CPC Int'l, Inc. v. Northbrook Excess & Surplus Ins. Co., 962 F.2d 77, 91 (1st Cir. 1992)).

Gomez-Cruz, 2018 WL 4849650, at *3 (D.P.R. 2018) (internal citations omitted). The automatic stay under PROMESA does have exceptions, namely in *habeas corpus* petitions and when government officials are sued in their individual capacities. *See* Atiles-Gabriel v. Puerto Rico, 256 F. Supp.3d 122, 127-128 (D.P.R. 2017); Guadalupe-Baez v. Pesquera, 269 F. Supp. 3d 1, 3 (D.P.R. 2017). Here, the parties agreed to a stipulated preliminary injunction order and the Court issued an Order to that effect. (Docket No. 50). **As a result, the automatic stay is applicable to Plaintiff's request for monetary relief, but the Court will retain jurisdiction to ensure enforcement of the stipulated preliminary injunction.** *See* HealthproMed Found., Inc. v. Dep't of Health & Hum. Servs., 982 F.3d 15, 19 (1st Cir. 2020) (finding that even if the Title III Court was not asked to and did not lift the stay, "[t]his does not change the Commonwealth's existing obligation to make wraparound payments under the 2010 preliminary injunction and prior district court orders."); Betancourt-Rivera v. Vazquez-Garced, 314 F. Supp. 3d 367, 372 n. 8 (D.P.R. 2018) (noting that "actions that seek injunctive relief rather than monetary damages may fall beyond the scope of the automatic stay.")

Lastly, PROMESA allows a party to move for relief from the automatic stay. An interested party must file a motion with the United States District Court for the District for Puerto Rico. The District Court may grant relief from the stay "after notice and a

hearing . . . for cause shown." 48 U.S.C. § 2194(e)(2). Reasons that may be considered "for cause" and which can lead to relief from the automatic stay can be found in the Bankruptcy Code. *See* 11 U.S.C. §362(d). Further, the stay terminates forty-five (45) days after a request for relief from a stay is made unless the court overseeing the stay says otherwise. *See* 48 U.S.C. § 2194(f).

There are several steps a moving party must take before filing a "Stay Relief Motion" from an automatic stay against the Commonwealth of Puerto Rico. In a nutshell, an interested party must first notify the Financial Control Board's attorneys via e-mail fifteen (15) days prior to filing an action requesting relief from the stay. A moving party must notify both their intent to seek relief from the stay, called a "Lift Stay Notice", **and** the notice period, which is called a "Lift Stay Notice Period.".[4] During the "Lift Stay Notice Period," the Debtors and movant shall meet and attempt to resolve the movant's request for relief. Only if the Debtors disagree with the movant's request for relief or if the "Lift Stay Notice Period" expires before both sides can reach an agreement, can the movant then file a "Stay Relief Motion" in

---

[4] For all the information that must be included in the email to the Financial Control Board's attorneys, please see the following link: https://www.prd.uscourts.gov/promesa/sites/promesa/files/documents/9/17-03283-de-20190.pdf(last visited April 5, 2022). The link contains all the information an interested party needs to know regarding case management procedures for all proceedings under Title III of PROMESA. The procedure to request a lift of stay can be found in pages 13-15, Paragraphs R-V. *See* Exhibit 1.

accordance with the Case Management Procedures. *See* Exhibit "1" of the link included in Footnote Number 4 of this Order regarding the relevant pages from the "Order Further Amending Case Management Procedures" which details the procedure to request relief from an automatic stay. The "Order Further Amending Case Management Procedures" was issued by the Hon. Laura Taylor Swain, United States District Judge, on February 22, 2022.[5] Any "Motion for Relief from Stay" must be filed at Case No. 17-BK-3283-LTS and addressed to Judge Taylor Swain.

The automatic stay applies to this case regarding Plaintiff's request for monetary damages. However, the Court will retain jurisdiction to ensure the enforcement of the stipulated preliminary injunction at Docket No. 50. The case is thus stayed in part pursuant to 48 U.S.C. §2161 and 11 U.S.C. §§ 362 and 922. If the stay is lifted, the parties shall inform the Court within seven (7) days. Defendant's *Motion Requesting Automatic Stay of Proceedings Pursuant Title III of P.R.O.M.E.S.A* (Docket No. 83) is **GRANTED IN PART** and **DENIED IN PART** and Plaintiff's *Motion to Show Cause* (Docket No. 84) is **DENIED.**

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, this 5th day of April 2022.

                                S/ RAÚL M. ARIAS-MARXUACH
                                United States District Judge

---

[5] Id.