```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| KEILA GARCÍA-COLÓN,<br><br>**Plaintiff**,<br><br>v.<br><br>STATE INSURANCE FUND CORPORATION,<br><br>**Defendant**. | **CIVIL NO. 21-1211 (RAM)** |

### MEMORANDUM AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Defendant State Insurance Fund Corporation's ("SIFC") *Emergency Motion in Limine Requesting Order to Preclude the Relitigation of Sexual Harassment Allegations Previously Dismissed by the Court* ("*Motion*"). (Docket No. 233). For the reasons set forth below, the Court **DENIES** Defendant's *Motion*.

### I.   BACKGROUND

This motion in limine arises in a case that originally included both sexual harassment and retaliation claims. (Docket No. 1). Plaintiff Keila García-Colón ("García") subsequently withdrew her sexual harassment claims, and the Court dismissed them with prejudice on April 16, 2024. (Docket No. 225 at 5). Now, only García's retaliation claims remain. Id. at 2.

SIFC requests that the Court prohibit García from referencing in the pretrial report or introducing at trial any evidence

regarding the dismissed sexual harassment claims or the allegations supporting them. (Docket Nos. 233 and 263 at 71). In response, García proposes a stipulation that she claims would limit the jury's exposure to the harassment allegations while still allowing her to present evidence that she engaged in protected activity. (Docket Nos. 234 and 263 at 67). The Court ordered the parties to brief the issue further in their amended proposed pretrial report, which they did. (Docket Nos. 236 and 263).[1]

## II.  LEGAL STANDARD

The first element of a Title VII retaliation claim is that the plaintiff engaged in "protected conduct."[2] *See* McDonough v. City of Quincy, 452 F.3d 8, 17 (1st Cir. 2006). Title VII specifies two types of protected conduct: **opposition activity** and **participation activity**. Ray v. Ropes & Gray LLP, 799 F.3d 99, 107-108 (1st Cir. 2015) (citing 42 U.S.C. § 2000e-3(a)).

Opposition activity occurs when an employee communicates to his employer that he opposes practices by the employer that he views as discriminatory under Title VII. 1 John F. Buckley IV &

---

[1] The Court also granted in part Defendant's *Motion* by granting SIFC's request for additional time to file the proposed pretrial report. (Docket No. 236).

[2] Plaintiff brings retaliation claims under both Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e, *et seq.* and Puerto Rico Law No. 115 of December 20, 1991, P.R. Laws Ann. 29 §§ 194, *et seq.* (Docket No. 1). While claims under both laws require showing protected conduct, Velez v. Janssen Ortho, LLC, 467 F.3d 802, 806, 809 (1st Cir. 2006), the parties did not brief, and the Court does not address, what Law No. 115 requires to satisfy that element.

Michael R. Lindsay, Defense of Equal Employment Claims § 8A:3, Westlaw (database updated Nov. 2023). A classic example is an employee "making a verbal or written complaint to management." Id.

Participation activity refers to an employee's involvement in an "investigation, proceeding, or hearing" under Title VII, such as a lawsuit or Equal Employment Opportunity Commission ("EEOC") complaint. Ray, 799 F.3d at 107 (quoting 42 U.S.C. § 2000e-3(a)); Buckley & Lindsay, *supra*, § 8A:5.

Proving opposition activity requires a different showing than does proving participation activity. A plaintiff alleging retaliation against opposition activity must show that he held a "good faith, reasonable belief" that the practices he opposed violated Title VII. Ray, 799 F.3d at 110-11 (quoting Fantini v. Salem State Coll., 557 F.3d 22, 32 (1st Cir. 2009)). But an employee alleging retaliation against participation activity must show neither a good-faith nor reasonable belief. Sanders v. Madison Square Garden, L.P., 2007 WL 2254698, at *18 (S.D.N.Y. 2007), *opinion withdrawn in part on reconsideration*, 525 F. Supp. 2d 364. Indeed, the language of Title VII prohibits retaliation against "any manner" of participation, without reference to the motivation or reasonableness of the participant. 42 U.S.C. § 2000e-3(a).

The "good faith, reasonable belief" requirement for proving opposition activity has two components. *See* Ray, 799 F.3d at 110-

11. First, to show good faith, a plaintiff need only establish that he "had a subjective, honestly held belief that her claim was valid." Id. at 111. For example, the First Circuit has rejected a retaliation claim when the purported opposition activity was found to be "a smokescreen" in response to a "supervisor's legitimate criticism." Monteiro v. Poole Silver Co., 615 F.2d 4, 8 (1st Cir. 1980); *see also* Townsend v. Benjamin Enters., Inc., 679 F.3d 41, 48 (2d Cir. 2012) (noting concession by plaintiff that she did not meet good-faith requirement since she reported sexual harassment allegations against co-worker but did not know if they were true).

Second, to prove reasonableness, a plaintiff needs to show that he had a reasonable belief that the actions he opposed violated the law. Fantini, 557 F.3d at 32 (citing Wimmer v. Suffolk Cnty. Police Dep't, 176 F.3d 125, 134 (2d Cir. 1999)). This does not require proving that the employer's actions were actually illegal. Id. Rather, the reasonableness of a plaintiff's belief turns on whether his opposition was "directed at an unlawful *employment practice* of [his] employer." Fantini, 557 F.3d at 32 (quoting Wimmer, 176 F.3d at 135)); *see also* Fantini, 557 F.3d at 32 (finding no retaliation where the accounting practices opposed by plaintiff were illegal but not discriminatory); Wimmer, 176 F.3d at 134-36 (finding no retaliation where the racial animosity opposed by plaintiff was directed towards members of the public,

not towards employees); <u>Manoharan v. Columbia Univ. Coll. of Physicians & Surgeons</u>, 842 F.2d 590, 594 (2d Cir. 1988) (finding no retaliation where plaintiff "neither pointed out discrimination against particular individuals nor discriminatory practices by his [employer]").

### III. DISCUSSION

García's theory of retaliation includes both opposition activity (reporting sexual harassment to SIFC) and participation activity (filing an EEOC charge and bringing the present lawsuit). (Docket No. 263 at 15, 66). Accordingly, she must be allowed to present evidence of both.

To prove opposition activity, the Court will permit García to present evidence that she reported the alleged sexual harassment to SIFC and that she did so acting on a "good faith, reasonable belief that the underlying challenged actions of [her] employer violated the law." <u>Ray</u>, 799 F.3d at 110 (citation omitted). García may testify about the sexual harassment that she allegedly experienced, why she believed it was illegal, and how she reported it. The Court will also entertain the admission of documents that contain or record Plaintiff's alleged reports of sexual harassment to SIFC. *See, e.g.*, <u>Wheatfall v. Bd. of Regents of the Univ. Sys. of Georgia</u>, 2014 WL 12798127, at *15 (N.D. Ga. 2014), *report and recommendation adopted sub nom.*, 9 F. Supp. 3d 1342 (considering

Civil No. 21-1211 (RAM)                                                                 6

plaintiff's testimony about her own good faith to decide summary judgment motion on retaliation claim); Graham v. Monmouth Cnty. Bldgs. & Grounds, 2020 WL 3923921, at *2-3 (D.N.J. 2020) (admitting plaintiff's internal, written complaints to determine whether he engaged in protected activity).

To prove participation activity, the Court will allow García to present evidence that she filed an EEOC charge and brought the present lawsuit. Such evidence will be limited to showing: (1) that Plaintiff initiated the proceedings, (2) when she did so, and (3) that they contained allegations of sexual harassment. Further evidence of the proceedings' contents will be excluded. *See, e.g.*, Gracia v. SigmaTron Int'l., Inc., 2014 WL 13109878, at *5-6 (N.D. Ill. 2014) (denying motion in retaliation trial to exclude evidence that plaintiff filed EEOC charge alleging national-origin discrimination); Karlo v. Pittsburgh Glass Works, LLC, 2016 WL 69651, at *4 (W.D. Pa. 2016) (allowing plaintiff to introduce redacted EEOC charge and EEOC right-to-sue letter).

To be sure, any evidence offered for the purpose of proving that Plaintiff engaged in protected activity will be subject to Fed. R. Evid. 403. That may result in the Court excluding evidence because it is cumulative or a waste of time. *See, e.g.*, Wheatfall, 2014 WL 12798127, at *15 (excluding second witness statement as cumulative after considering plaintiff's own testimony).

But Rule 403 does not require, as Defendant argues, that any and all evidence related to García's sexual harassment claims be excluded. *See* (Docket No. 263 at 70-71). Nor does the fact that retaliation and sexual harassment are distinct causes of action require such a result. *See* id. at 69. Plaintiff must be allowed a chance to prove retaliation, and that requires presenting evidence of the protected activity that Defendant allegedly retaliated against. Since the parties have not stipulated to whether García engaged in protected conduct, evidence about Plaintiff's sexual harassment claims is highly probative on that issue. *Cf.* Old Chief v. United States, 519 U.S. 172, 184 (1997) (explaining that decision whether to exclude under Rule 403 may be informed by considering "evidentiary alternatives," including any stipulations).

Finally, the Court reiterates that Plaintiff may not present evidence for the purpose of proving that the sexual harassment claims were valid. *See* Ray, 799 F.3d at 110; Fantini, 557 F.3d at 32; Gracia, 2014 WL 13109878, at *4 (excluding evidence of discrimination complaint's legitimacy since it would be "irrelevant and highly prejudicial" in trial on retaliation claim). Moreover, the Court will issue a limiting instruction to the jury that any evidence regarding Plaintiff's sexual harassment

Case 3:21-cv-01211-RAM-GLS   Document 273   Filed 04/30/24   Page 8 of 8

Civil No. 21-1211 (RAM)                                                    8

claims may be considered only to decide whether she engaged in protected activity.

### IV. CONCLUSION

For the reasons set forth above, the Court **DENIES** Defendant's *Emergency Motion in Limine Requesting Order to Preclude the Relitigation of Sexual Harassment Allegations Previously Dismissed by the Court* at Docket No. 233. Subject to the limitations of Fed. R. Evid. 403 and other applicable rules of evidence, the Court will permit Plaintiff to present evidence at trial relating to her now-dismissed sexual harassment claims for the sole purpose of proving to the jury that she engaged in protected conduct. In light of this ruling, the Court **DENIES** Defendant's request that the Court prohibit any reference to the dismissed sexual harassment claims in the pretrial report. *See* (Docket Nos. 233 at 3 and 263 at 71).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 30th day of April 2024.

                s/Raúl M. Arias-Marxuach
                UNITED STATES DISTRICT JUDGE