IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| KEILA GARCÍA-COLÓN,<br><br>**Plaintiff**,<br><br>v.<br><br>STATE INSURANCE FUND CORPORATION,<br><br>**Defendant**. | **CIVIL NO. 21-1211 (RAM)** |

MEMORANDUM AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Plaintiff Keila García-Colón's *Motion in Limine to Exclude Testimony or Reference to Hostile Work Environment Retaliation* ("*Motion*"), (Docket No. 264), and Defendant State Insurance Fund Corporation's response, (Docket No. 267). For the reasons below, the Court **DENIES** Plaintiff's *Motion*.

As Plaintiff recently stated in another motion, "Ms. García's retaliation claims are *exclusively* predicated on the cummulative [sic] effect of defendant's retaliatory acts which constitute a 'materially adverse employment action . . . .'" (Docket No. 258 at 2). "That a series of minor retaliatory actions may, when considered in the aggregate, satisfy the . . . 'adverse action' requirement, is settled law in this Circuit." Alvarado v. Donahoe, 687 F.3d 453, 458-59 (1st Cir. 2012) (citing Noviello v. City of Boston, 398 F.3d 76, 91 (1st Cir. 2005)). This type of adverse action is called a "hostile work environment." *See* Billings v.

Civil No. 21-1211 (RAM)                                                        2

Town of Grafton, 515 F.3d 39, 54 n.13 (1st Cir. 2008) ("Of course, retaliatory actions that are not materially adverse when considered individually may collectively amount to a retaliatory hostile work environment."); Slater v. Town of Exeter, 2009 WL 737112, at *10 n.16 (D.N.H. 2009).

The "hostile work environment" theory has been applied to retaliation claims repeatedly since Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53 (2006), both within and without the First Circuit. *See, e.g.*, Alvarado, 687 F.3d at 461; Votolato v. Verizon New Eng., Inc., 2018 WL 4696743, at *6-8 (D. Mass. 2018); Laurent-Workman v. Wormuth, 54 F.4th 201, 218 (4th Cir. 2022). Under this theory, "even a string of trivial annoyances will not suffice to make an adverse action showing: 'the alleged harassment must be "severe or pervasive."'" Alvarado, 687 F.3d at 461. Further, "any abuse must be both objectively offensive (as viewed from a reasonable person's perspective) and subjectively so (as perceived by the plaintiff)." Id. Thus, Plaintiff is incorrect that there is a more lenient standard under Burlington that she may use to prove the existence of an adverse employment action.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 30th day of April 2024.

                                            s/Raúl M. Arias-Marxuach
                                            UNITED STATES DISTRICT JUDGE